SHUN YUEN HING & CO. ET AL. *v.* UNITED STATES (No. 3923)[1]

United States Court of Customs and Patent Appeals, February 17, 1936

*Lawrence A. Harper* (*Abraham Gottfried* of counsel) for appellants.

*Joseph R. Jackson,* Assistant Attorney General (*Joseph F. Donohue,* special attorney, of counsel), for the United States.

[1] T. D. 48178.

[Oral argument February 6, 1936, by Mr. Gottfried and Mr. Donohue]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court holding merchandise described on the invoice as "oyster sauce" dutiable under paragraph 721 (e) of the Tariff Act of 1930, as assessed by the collector at the port of San Francisco, rather than free of duty as "sauces" under paragraph 1761 of that act, as claimed by the importers.

The competing paragraphs read:

PAR. 721. (e) Oysters, oyster juice, or either in combination with other substances, packed in air-tight containers, 8 cents per pound, in luding weight of immediate container.

PAR. 1761. Shrimps, lobsters, and other shellfish, fresh or frozen (whether or not packed in ice), or prepared or preserved in any manner (including pastes and sauces), and not specially provided for.

The importers submitted the testimony of several witnesses.

No witnesses were called by the Government.

It appears from the record that the involved merchandise, a rather heavy dark liquid imported in bottles, is used by the Chinese chiefly in the kitchen as a flavoring in the cooking of foods, such as meat, fish, and eggs, although it is sometimes used at the table on such foods after they have been cooked.

It appears from the deposition of the witness Chin Koon Hor that merchandise like that here involved is prepared in the following manner by the use of approximately 133⅓ pounds of oysters, 10⅔ pounds of salt, and 6½ gallons of water:

Oysters, salt, and water are used only. First the oysters are removed from the shell, then put in a pan. Salt and water are added. The mixture is *steamed* for three hours. The oysters are then removed. The water left in the pan is placed in earthenware jars where it is kept for two months. After two months the skim is removed and the remainder, which is the oyster sauce, is packed in bottles or cans. (Italics ours.)

The witness Tong Hon said that he was familiar with the manufacture of merchandise like that here involved; that it was—

made from oysters cooked. This is from the juice, and they have the oyster juice recooked again to make this. I have worked in a place where they make oyster sauce.

When asked if anything was added to the oysters when they made it, he replied: "Nothing else."

It appears from the report of a Government analyst that—

The product is not shell fish, fish oil or animal oil but a product similar to thin soy thickened with dextrinized starch paste and showing no evidence of the presence of any appreciable amount of oyster or fish fibre.

*Quantitative analysis*

| | Exhibit I | Exhibit II | Exhibit III |
|---|---|---|---|
| Starch | 0.5% | 1.7% | 2.5% |
| Dextrine | 3.3% | 6.2% | 3.0% |
| Protein | 10.7% | 12.1% | 7.1% |
| Oil | 0.2% | 0.3% | 0.2% |
| Mineral matter other than salt | 3.3% | 3.3% | 2.6% |
| Salt | 15.5% | 11.4% | 12.55% |
| Fibrous material | 1.6% | 1.9% | 0.85% |
| Water | 63.8% | 60.3% | 67.85% |

The trial court was of opinion that the merchandise in question was more specifically provided for under the provision for "oyster juice, * * * in combination with other substances", contained in paragraph 721 (e), *supra*, than under the provision for "sauces," contained in paragraph 1761, *supra*, and, accordingly, overruled the protests.

It is contended by counsel for appellants that the provision for oysters, or oyster juice, or either in combination with other substances, when packed in air-tight containers, contained in paragraph 721 (e), *supra*, was intended by the Congress to be restricted to such oysters, or oyster juice, as retained their identity and character, and that the language "in combination with other substances", contained in the paragraph, was not intended to extend the scope of the provision to articles manufactured from either oysters or oyster juice; that the involved merchandise is a "sauce" manufactured from oysters or oyster juice, and, therefore, is not included within those provisions, but, on the contrary, is specifically provided for as a "sauce" under paragraph 1761, *supra*.

In the case of *Alexander & Baldwin, Ltd.* v. *United States*, 21 C. C. P. A. (Customs) 558, T. D. 46988, this court held clams and clam juice, imported in air-tight containers, dutiable under paragraph 721 (b) of the Tariff Act of 1930, which reads:

Clams, clam juice, or either in combination with other substances, packed in air-tight containers, 35 per centum ad valorem.

In so holding, the court said:

In the opinion of the court below (Abstract 24390), we find no discussion of the case upon its merits, there being merely cited as controlling that court's prior decision in T. D. 46025 (not appealed), where the merchandise involved consisted of oysters and oyster juice cooked, claimed dutiable as sauce under paragraph 1761, *supra*, but held by the court to be dutiable as assessed by the collector under paragraph 721 (e) of the Tariff Act of 1930, which reads:

(e) Oysters, oyster juice, or either in combination with other substances, packed in air-tight containers, 8 cents per pound, including weight of immediate container.

While it does not appear in the instant case whether the combination of clams and clam juice had undergone a process of cooking, that, in our opinion, as the issue has been here presented, is not material, and we regard this case and that involved in T. D. 46025 as being quite analogous.

In the case of *Nootka Packing Co. et al.* v. *United States*, 22 C. C. P. A. (Customs) 464, T. D. 47464, we held that—

Clam meat, washed, and cut into small pieces which, according to the testimony of the importers, can be readily identified as parts of clams, then canned in brine, and cooked (no clam juice being produced or added to the product), * * * properly dutiable as *clams, packed in air-tight containers*, under paragraph 721 (b), Tariff Act of 1930, rather than free of duty as *shellfish, prepared or preserved*, under paragraph 1761,

and that the mincing, cleaning, or cooking of the clams did not remove them from the provision for clams contained in paragraph 721 (b), *supra*.

It will be observed that paragraph 1761 provides, among other things, for "shellfish, * * * prepared or preserved in any manner (including pastes and sauces)." Obviously, the Congress understood that the "pastes and sauces" provided for therein were certain specified forms of shellfish, prepared or preserved.

According to the testimony in this case, oysters were included in the mixture during the steaming process, but were removed after the steaming process. Whether the steaming process dissolved a portion of the oysters, does not appear, and, so far as we can ascertain from the record, the involved merchandise is nothing more than oyster juice in combination with salt and water, steamed. Accordingly, the involved merchandise is not oysters, prepared or preserved in the form of a sauce or otherwise, and, therefore, is dutiable under the provisions of paragraph 721 (e), as held by the collector and the trial court. See *Alexander & Ba'dwin, Ltd.* v. *United States, supra; Nootka Packing Co. et al.* v. *United States, supra.*

In so holding, it should be understood that we are limiting our decision in this case to the record before us and the precise issues involved.

For the reasons stated, the judgment is *affirmed*.

BLAND, Judge, dissents.